**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **RICHARD A. ERWIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:12-cv-01845-WTL-MJD** |
| | ) | |
| **STATE OF INDIANA,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ENTRY ON MOTION TO DISMISS**</u>

This cause comes before the Court on the Defendants' motion to dismiss. (Dkt. No. 7). The motion is fully briefed, and the Court, being duly advised, rules as follows.

## I.    <u>STANDARD</u>

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## II.    <u>BACKGROUND</u>

The facts as alleged in the Complaint are as follow. Plaintiff Richard Erwin was convicted of rape on April 1, 1991, and thereafter served time in a state correctional facility. On his release, the Indiana Department of Corrections informed Erwin that he was required to

register with the Indiana Sex Offender Registry. Erwin registered with the appropriate agencies and paid the required fees.

Sometime later, Erwin was arrested by Officer Brad Roberts of the Parker City Police Department. Erwin was charged with failing to register as a sex offender.

On September 6, 2011, the charges against Erwin were dismissed pursuant to an order of the Randolph County Superior Court finding that requiring Erwin to register violated the Ex Post Facto Clause of the Indiana Constitution. *See Wallace v. State*, 905 N.E.2d 371 (Ind. 2009). The Randolph County Superior Court subsequently issued an order approving the removal of Erwin from the registry.

In the instant action, Erwin brings suit against the State of Indiana, the Indiana Department of Corrections, Randolph County, the Randolph County Prosecutor, Parker City, the Parker City Police, and Officer Brad Roberts, alleging that the Defendants violated varied and numerous of Erwin's federal and state law rights. Erwin seeks compensatory damages, punitive damages, reimbursement of his expenses associated with registration, and the costs of the instant action. The State of Indiana, the Department of Corrections, and the Randolph County Prosecutor now move to dismiss Erwin's claims against them.[1]

### III. DISCUSSION

#### A. State of Indiana and Indiana Department of Corrections

While Mr. Erwin's theories are at times quite murky, it appears that he asserts claims against the State of Indiana and the Department of Corrections for requiring him to register and for accepting and retaining the registry fees he paid. To the extent that these actions may

---

[1] To be sure, the Court has jurisdiction over the case because Erwin appears to allege § 1983 claims for violations of his Fourth Amendment rights against Officer Roberts and the Parker City Police.

constitute violations of federal constitutional law, neither the state nor its subsidiary agencies are "persons" within the meaning of § 1983. *E.g.*, *Thomas v. Illinois*, 697 F.3d 612, 613-14 (7th Cir. 2012). Furthermore, any other federal claim against the State is barred by the Eleventh Amendment. *See id.* Any federal claim against these defendants therefore does not lie.

With respect to state law, Erwin clarifies in his response that he seeks the reimbursement of his registration fees from the State, which he alleges were improperly assessed and retained in violation of Section 21 of the Indiana Constitution, which prohibits the taking of a person's property without just compensation. Erwin's Resp. at 6, No. 6.

As the State points out, registration fees are set by the county and deposited into a county administration fund. Ind. Code § 36-2-13-5.6(a). Registration funds go to the county auditor and are appropriated by the county fiscal body. Ind. Code § 36-2-13-15.6(e),(g). As no funds go to the State or the Department of Correction, these defendants are not the proper parties against which to assert this claim. The State and Department of Correction are therefore entitled to dismissal of this claim against them.

However, one final point bears mention. In its reply, the State asserts that Randolph County is not a party to this action; accordingly, the entire claim for reimbursement should be dismissed, the State argues, for want of a necessary party. However, it appears from the state court record that Randolph County is a captioned party to which summons issued. *See* docket number 1. As a result, Erwin's claim for reimbursement is not subject to dismissal for want of a necessary party.

## B.      Randolph County Prosecutor

Erwin seeks relief from the Randolph County Prosecutor for prosecuting the charges against him without probable cause, which he characterizes as malicious prosecution. A

prosecutor enjoys absolute immune from suit for all actions and decisions undertaken in furtherance of its prosecutorial duties and qualified immunity for actions taken in an investigatory role, such as searching for clues and collaboration in order to recommend that a suspect be arrested. *E.g.*, *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). Here, Erwin complains only of the Randolph County Prosecutor's actions in "continu[ing] to prosecute without probable cause even after the legality of said prosecution had been brought to the attention of the prosecutor." Erwin's Resp. at 6, No. 6. Insofar as the Prosecutor is alleged to have violated Erwin's federal rights in doing so, the Prosecutor is absolutely immune from suit.

The Prosecutor is likewise immune from suit under Indiana common law, *Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998), and the Indiana Tort Claims Act, Ind. Code § 34-13-3-3(6)-(7); *see Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979); *Sims v. Barnes*, 689 N.E.2d 734, 737 (Ind. Ct. App. 1997). The Randolph County Prosecutor is therefore entitled to dismissal of the claims against it.

## IV.   CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is **GRANTED**.

SO ORDERED:   03/13/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.